UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Bernail Gardner,

        Plaintiff,

vs.                     REPORT AND RECOMMENDATION

Decision One Mortgage
Company, LLC, Residential Finance
Corporation, Homecomings
Financial, LLC, and Mortgage
Electronic Registration Systems, Inc.,

        Defendants.       Civ. No. 08-4788 (PAM/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. Introduction

This matter came before the undersigned United States Magistrate Judge upon a general assignment, made in accordance with Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma pauperis ("IFP"). The Plaintiff appears by Amber M. Hawkins, Esq., and, in view of the fact that service of process has not yet been effected, no appearance has been made by, or on behalf of, the Defendants.

This action was commenced on July 29, 2008, by the filing of a Complaint, in which the Plaintiff seeks relief for alleged violations of various Federal laws governing residential mortgage loans. The Plaintiff did not pay any filing fee for this action, but instead, filed an Application seeking leave to proceed IFP. See, <u>Docket No. 2</u>. The Plaintiff's IFP Application is now before the Court, and must be addressed before any other action is taken in this matter. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied.

## II. <u>Background</u>

The Plaintiff's IFP Application shows that she is currently employed, and that her "Take home pay" is $1,800.00 per month, and that she receives pension benefits in the amount of $485.00 per month. In addition, the Plaintiff has a savings account with a balance of $4,400.00 which, she claims, to be "saving to reinstate [her] mortgage." The Plaintiff has one (1) dependent son, who is fifteen (15) years old. Based on the amount of the Plaintiff's current income, as shown by her current IFP Application, we cannot conclude that she is indigent. Therefore, we recommend that the Plaintiff's IFP application be denied. See, <u>Title 28 U.S.C. §1915(a)(1)</u>.

III.  Discussion

In considering the merits of an IFP application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal IFP statute, and which do not.  The countervailing considerations at issue are easy of recitation, but far more demanding to resolve.  In Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities.  * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

See also, In re Williamson, 786 F.2d 1336, 1338-39 (8th Cir. 1986)("The very purpose of section 1915 'is to provide an entre, not a barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the public to underwrite frivolous lawsuits.'"), quoting Souder v. McGuire, 516 F.2d 820, 823 (3rd Cir. 1975), and In re Smith, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a nonfrivolous action in the Federal Court system with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved.  The issue,

therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiff's ability to satisfy the initiation costs of her Federal action without substantially depleting her financial resources. While we recognize, based upon the Plaintiff's sworn representations, that she may not be wealthy, we find that she has the wherewithal to satisfy the modest costs incident to the commencement of her claims without necessitating her forbearance of other expenditures for life's necessities, or for her basic needs. See, Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991); In re Smith, supra at 715; Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982); Temple v. Ellerthorpe, supra at 850-51. Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts as to the wisdom of prosecuting that action, the expenditures here are not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held and well-intended.

Lastly, we note our awareness of varying procedures which have evolved in the granting, and in the denial, of IFP applications by Magistrate Judges. In some

jurisdictions, the denial of such applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A) Order, with its attendant "clearly erroneous" standard of review. However, since an unintended effect of a denial of the application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Recommendation, subject to de novo review should an appeal be taken. See, e.g., Woods v. Dahlberg, 894 F.2d 187, 187 (6th Cir. 1990)(concluding that a denial of in forma pauperis status is the functional equivalent of an involuntary dismissal and is outside the jurisdiction of a Magistrate Judge); Tripati v. Rison, 847 F.2d 548, 548 (9th Cir. 1985).

Due to an apparent anomaly in Local Rule 4.2(a), one additional comment is warranted.[1] The Local Rule requires that the Plaintiff's Complaint be filed pending a determination of the propriety of her request for pauper's status. Although the Rule

---

[1]Local Rule 4.2(a) provides in pertinent part:

> Where a plaintiff seeks waiver of filing fees under in forma pauperis provisions, the plaintiff shall present the complaint and the motion for permission to proceed in forma pauperis to the Clerk. The Clerk shall file the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge. If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

contemplates the striking of the Complaint if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may deny the application. In order to avoid the potential that the Plaintiff's Complaint should be served prior to a ruling by the District Court on the propriety of her application, should an appeal be taken, this Court will issue its Order, which will preserve the status quo, until the District Court should rule on the matter.

Lastly, in the event that the Plaintiff elects not to challenge this Recommendation, she will be afforded an opportunity to pay the normal $350.00 filing fee, see, Title 28 U.S.C. §1914(a), if she chooses to do so, in order to pursue her claims as a non-IFP litigant.

NOW, THEREFORE, It is --

RECOMMENDED:

1. That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendant, until so directed by further Order of the Court.

    2.    That the Plaintiff's application for <u>in forma pauperis</u> status [Docket No. 2] be denied.

Dated: July 31, 2008             *s/Raymond L. Erickson*
                                                  Raymond L. Erickson
                                                  CHIEF U.S. MAGISTRATE JUDGE

### N O T I C E

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 15, 2008,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than August 15, 2008,** unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.